OPINION OF THE COURT
W. Denis Donovan, J.
This is a proceeding by petitioner for leave to serve late notice of claim upon respondent Yonkers Parking Authority.
On April 15, 1996, petitioner fell in a public parking lot in the City of Yonkers. Claiming injury, she engaged counsel who served a notice of claim on the Corporation Counsel of the City of Yonkers on June 6, 1996, some 53 days after the fall. On July 26, the Corporation Counsel confirmed receipt and demanded a supplemental notice regarding the amount of claimed damages which was provided. A hearing pursuant to General Municipal Law § 50-h was thereupon scheduled and actually conducted on September 3, 1996. At the end of questioning, the Assistant Corporation Counsel asked petitioner’s counsel whether a notice of claim had also been filed against the Yonkers Parking Authority; this is alleged to have been the first notice to counsel of the existence of such a parking authority entity. Subsequent reexamination by counsel of a copy of the police incident report made on the day of the accident again revealed that a copy of the report had been sent by the police to the Yonkers Corporation Counsel as prime distributee of the report and it is this notation that is said by counsel to have induced him to serve the notice of claim on the Corporation Counsel in the first instance. This time, however, it was noticed that the report elsewhere near the bottom also indicated the following: "YPA — Susan Maros-Victoria notified 1345 hrs., 4/18/96”. Even assuming one knew or could deduce what these initials "YPA” may have stood for, counsel claims there was and is no listing for the Yonkers Parking Authority *306 in, for instance, the telephone directory’s governmental agency listings.
The Yonkers Parking Authority is established by title 11, § 1596 et seq. of the Public Authorities Law. Section 1596-s provides: "In so far as the provisions of [title 11] are inconsistent with the provisions of any other act, general or special, or of any local law of the city, the provisions of this title shall be controlling.”
Section 1596-p, dealing with actions against the Authority, provides for a six-month notice of claim period and the requirement for an allegation in any complaint that 30 days have passed since the notice of claim was served without any adjustment. The action itself is then required to be commenced within one year of the underlying incident.
The notice of claim here was thus required to have been filed with the Parking Authority within six months or by October 15, 1996 and was not. By this petition, counsel now seeks court leave to serve a belated notice of claim upon the Authority itself. The question presented is whether the court is free to grant such leave.
Respondent correctly observes that, in contrast to General Municipal Law § 50-e (5), there is no provision in title 11 of the Public Authorities Law which would specifically authorize the court to allow service of a late notice of claim. While this observation is true, a conclusion that court leave is prohibited does not necessarily follow.
Section 50-e (1) (a) of the General Municipal Law, requiring a notice of claim, is applicable to "any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law”. General Construction Law § 66 (1) defines a "public corporation” as, inter alia, a "public benefit corporation”. The City of Yonkers Parking Authority is defined in section 1596-c of the Public Authorities Law as "a body corporate and politic, constituting a public benefit corporation.” Hence, the Yonkers Parking Authority is amenable to the provisions of the General Municipal Law, unless, as previously noted, the Public Authorities Law contains an inconsistent provision (see, Public Authorities Law § 1596-s).
Upon examination, there is nothing in title 11 (nor its seems, in the respective titles of the other public authorities defined within the Public Authorities Law) that is actually inconsistent *307 with the General Municipal Law’s allowance under section 50-e (5) to permit late service of a notice of claim.
It is true that other sections of the Public Authorities Law applicable to certain other types of authorities do affirmatively state that notice requirements are further subject to the notice provisions of General Municipal Law § 50-e (see, for instance, § 1212 pertaining to the New York City Transit Authority and § 1276 pertaining to the Metropolitan Transportation Authority), as indeed other bodies of statutory law so state (see, for instance, Public Housing Law § 157). Again, however, the court does not conclude that mere omission of such specific language in title 11, absent actual inconsistency, demonstrates a legislative intent to interrupt or abandon a long and stable pattern of applicability of General Municipal Law § 50-e’s provisions, including that of possible extension of the notice periods by the court.
So concluding, and utilizing the criteria set forth in General Municipal Law § 50-e (5) to gauge the propriety of allowing leave in this instance, the court notes that the Parking Authority received prompt actual knowledge of the essential facts a mere three days after the incident by virtue of its indicated receipt of the police report. This receipt of report was followed by its silence while a section 50-h hearing was conducted by the City’s Corporation Counsel. Noted too is the availability of the hearing transcript for the Authority’s review. Also, the hide and seek nature of the Authority’s public existence cannot be ignored.
The court finds that petitioner made a patently excusable error concerning the identity of the true owner of the parking lot. In any event, no factual prejudice is shown nor even claimed by respondent. Finally, this application was made, as would be required, within the one-year limitation period to commence the action.
The petitioner’s motion for leave is, therefore, granted. Counsel shall serve a notice of claim by certified mail upon respondent’s counsel within 10 days of the date of entry above and such shall be deemed proper service, nunc pro tunc, to a date within six months of the happening. Petitioner has further leave to timely commence her action on or before April 15, 1997 (see, General Construction Law § 20) with a complaint alleging, inter alia, that her claim has not been adjusted within 30 days of the filing of notice. A new index number for the action itself will, of course, be required.